UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY C. JACOBSON,

    Petitioner,

v.

DEWAYNE BURTON,

    Respondent.

_____/

Case No. 1:16-cv-997

HON. JANET T. NEFF

# OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the petition be denied. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner presented seven grounds for review in his habeas corpus petition. For the reasons stated more fully in the Report and Recommendation, the Magistrate Judge treated Petitioner's purported claims of prosecutorial and judicial misconduct as part of his ineffective-assistance-of-trial-counsel claim (R&R, ECF No. 15 at PageID.1749). Petitioner's objections to the Magistrate Judge's Report and Recommendation, while not clearly delineated, primarily concern the

Magistrate Judge's analysis of his ineffective-assistance-of-trial-counsel claim. Each objection will be considered in turn.

A. The effectiveness of Petitioner's trial counsel

Petitioner first argues that the Magistrate Judge improperly relied on the *Strickland* test in analyzing his ineffective-assistance-of-trial-counsel claim (Pet'r Obj., ECF No. 17 at PageID.1765-1766; R&R, ECF No. 15 at PageID.1747-1749). Petitioner argues that the Magistrate Judge's reliance on *Strickland* "is contrary to clearly established United States Supreme Court authority" (ECF No. 17 at PageID.1765). Petitioner argues that because an alleged conflict of interest pitted his attorney's personal interest against those of Petitioner, the proper standard should instead be derived from *Cuyler v. Sullivan*, 446 U.S. 335 (1980) (*id.*). Petitioner argues that because the *Cuyler* standard applies to his claims, prejudice need not be proved, as under *Strickland*, but is instead "presumed" (*id.*).

Petitioner's argument lacks merit.

Petitioner's assertions about his trial attorney's representation do not amount to a conflict of interest that would be properly analyzed under *Cuyler*. Petitioner's assertions, which are amorphous and generally phrased as questions dispersed throughout his objections, center on his trial counsel's unrelated disciplinary proceedings with the state bar (Obj., ECF No. 17 at PageID.1772-1774). In his Brief in Support of Petition for Habeas Corpus, Petitioner summarized the purported conflict of interest as follows:

> One can reasonably infer the prosecution didn't have a case and these charges should be dismissed. One can also reasonably infer that the income for Mr. Dimitriou from all representation was suddenly important in the wake of a lengthy disbarment from practicing law and the substantial loss of income that would accompany said disbarment. The prosecutor needed a case and Mr. Dimitriou needed income. The Prosecutor will ensure Mr. Dimitriou maintain his representation of the Petitioner. Mr. Dimitriou will

2

> make a case for the prosecution. That is why Mr. Dimitirou didn't assert the Petitioner's privilege or correct the prosecutor on obtaining the medical records when the prosecutor falsely stated he was getting search warrants for the information.

(ECF No. 2 at PageID.56). Petitioner's conflict-of-interest theory is both factually and logically flawed. As the Magistrate Judge correctly reasoned,

> Petitioner offers no support for his claims that his counsel was so troubled by the disciplinary proceedings and so daunted by the prospect of losing income that counsel would do anything, even work against his client in favor of the prosecution, to maintain the income flow from Petitioner's case. Petitioner offers no support for his claim that the prosecutor so benefited from the presence of Petitioner's counsel that the prosecutor would lie and cheat to keep Petitioner's counsel on the case. Petitioner offers no support for the assertion that the trial judge joined the conspiracy for the purpose of hiding counsel's disciplinary proceedings from Petitioner. Finally, and most importantly, Petitioner offers no support for the claim that lies at the foundation of his scenario: that he had a viable defense other than consent.

(R&R, ECF No. 15 at PageID.1752).

Even if Petitioner's assertions demonstrated a conflict of interest, *Cuyler* is inapplicable inasmuch as the conflict examined in that case was the lawyer's representation of two or more defendants. *See Cuyler*, 446 U.S. at 335-41, n.3. In short, Petitioner has shown no error in the Magistrate Judge's application of the *Strickland* test rather than the *Cuyler* test. Rather, to the extent that Petitioner claims that trial counsel's actions or inactions were detrimental to his case, he raises an ineffective assistance of counsel claim, which the Magistrate Judge properly analyzed under *Strickland*. In short, Petitioner's argument reveals no error in the Magistrate Judge's analysis or conclusion, and Petitioner's objection is denied.

Next, Petitioner appears to argue that the Magistrate Judge improperly applied the presumption of correctness standard in this case. Petitioner states in his objections that "the presumption of correctness must be afforded to the Petitioner" (ECF No. 17 at PageID.1774) and

that "[t]he courts have instead opted to pick and choose record material that best suits their position so as to divert attention from the true facts of the case" (*id.* at PageID.1766). Petitioner is apparently advocating that the presumption of correctness apply to his speculative inferences, which constitute support the bulk of his objections. However, as the Magistrate Judge properly stated, "[a] determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence" (R&R, ECF No. 15 at PageID.1747, citing 28 U.S.C. § 2254(e)(1)). Petitioner has shown no error in the Magistrate Judge's application of § 2254(e)(1) to the state and appellate court's factual findings.

Next, Petitioner objects to the Magistrate Judge's finding that Petitioner offered "no support" for his claim that the trial judge was involved in the alleged conspiracy to hide trial counsel's disciplinary proceedings from Petitioner (R&R, ECF No. 15 at PageID.1751-1752). Petitioner states the following in his objection to the Report and Recommendation:

> [T]he timing of the letter along with the judge not following court rules for trial adjournments was sufficient evidence the trial judge was aware of counsel's discipline issues and uncertainty in representing the Petitioner and was assisting the prosecutor and counsel in keeping it from the Petitioner. The Magistrate contends it is merely speculative inferences but offers no proof to suggest otherwise.

(Objs., ECF No. 17 at PageID.1775). Contrary to Petitioner's above statement, the onus to meet the evidentiary burdens of 28 U.S.C. § 2254(d) lies with Petitioner, not the Magistrate Judge. Petitioner's argument therefore fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion, and Petitioner's objection is denied.

Petitioner also objects to a footnote the Magistrate Judge included in the Report and Recommendation, a footnote indicating that the prosecution did not have to rely on Petitioner's

4

medical records to prove Petitioner had a vasectomy. Petitioner claims that this "obscure footnote allud[es] to their misunderstanding of MCR 2.314 in regards to patients asserting their privilege to medical conditions" (Objs., ECF No. 17 at PageID.1783). Petitioner asserts that "MCR 2.302(B)(1) prevents parties to the claim from seeking persons having knowledge of a matter as long as it's privileged" (ECF No. 17 at PageID.1784). However, as the Magistrate Judge pointed out in the footnote, "the purpose of the privilege is to protect the doctor-patient relationship and ensure that *communications between the two* are confidential" (R&R, ECF No. 15 at PageID.1752 n.5, quoting *Herald Co. v. Ann Arbor Public Sch.*, 568 N.W.2d 411, 416 (Mich. Ct. App. 1997) (emphasis added)). The privilege does not prevent disclosure by other witnesses. Thus, Petitioner fails to show error in the Magistrate Judge's analysis or conclusion, and Petitioner's objection is denied.

B. The effective assistance of Petitioner's appellate counsel

While Petitioner does not specifically address the Magistrate Judge's analysis of his ineffective-assistance-of-appellate-counsel claim, he appears to object to the Magistrate Judge's ultimate conclusion that he "failed to establish entitlement to habeas relief on his claim that appellate counsel rendered ineffective assistance" (Pet'r Obj., ECF No. 17 at PageID.1786-1789; R&R, ECF No. 15 at PageID.1753-1755). As stated in the Magistrate Judge's Report and Recommendation (ECF No. 15 at PageID.1759), all objections are governed by this Court's Local Rule 72.3(b), which requires objections to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich LCivR 72.3(b). Petitioner has merely reiterated the arguments he made in his habeas corpus petition and, therefore, has not complied with Local Rule 72.3(b). Thus,

Petitioner has shown no error in the Magistrate Judge's analysis or conclusion, and his objection is denied.

## C. Petitioner's right to self-representation

Petitioner objects to the Magistrate Judge's recommendation to deny his Sixth Amendment right to self-representation claim (Objs. ECF No. 17 at PageID.1790-1791). According to the Magistrate Judge, "Petitioner never took the first step: Petitioner never made an unequivocal request for self-representation" (R&R, ECF No. 15 at PageID.1755-1756). Petitioner claims to the contrary that "Petitioner did take the first step; that was to notify the judge he didn't want his current attorney representing him anymore" (Objs., ECF No. 17 at PageID.1790). Petitioner's objection is clearly contradicted by the evidence. In Petitioner's letter to the trial judge, which the Magistrate Judge quotes, Petitioner writes in part, "Can I represent myself and send out my own subpoenas? If that's feasible how quickly can I get going on this?" (R&R, ECF No. 15 at PageID.1755). Petitioner may have made a general inquiry about self-representation, but he did not make an unequivocal request for self-representation. Thus, Petitioner has shown no error in the Magistrate Judge's analysis or conclusion, and his objection is denied.

## D. The 'forged" confession letter

Last, Petitioner objects to the Magistrate Judge's determination that "Petitioner is not entitled to habeas relief on his claim that the admission of the confession letter violated his due process rights" (Pet'r Obj., ECF No. 17 at PageID.1791-1792; R&R, ECF No. 15 at PageID.1756-1758). Again, Petitioner merely reiterates the arguments he made in his habeas petition and therefore has not complied with Local Rule 72.3(b) by specifically identifying any portions of the Report and Recommendation to which objections are to be made. Petitioner has demonstrated no error, and his objection is denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's § 2254 claims debatable or wrong. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: November 2, 2018
      /s/ Janet T. Neff
      JANET T. NEFF
      United States District Judge